WOODRUFF *v.* STATE TAX COMMISSION

Dr. Byron E. Woodruff, Roseburg, Oregon, represented himself at the time of trial.

Mr. Theodore W. deLooze, Assistant Attorney General, Salem, Oregon, argued the cause for defendant.

Decision for plaintiff rendered May 6, 1966.

EDWARD H. HOWELL, Judge.

Plaintiffs filed this suit as a result of the defendant commission's disallowance of an alleged loss sustained by plaintiffs in the sale of their personal residence in Roseburg, Oregon.

ORS 316.320 provides:

"Losses. (1) In computing net income there shall be allowed as deductions, losses sustained during the tax year and not compensated for by insurance or otherwise:

"* * * * *

"(b) If incurred in any transaction entered into for profit, though not connected with the trade or business.

"* * * * *."

■ The commission's regulation pertaining to the above statute declares that a loss on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used up to the time of its sale is not deductible. However, such a loss is deductible if the residence is, prior to its sale, appropriated to income producing purposes and is used for such purposes up to the time of its sale. Reg. 316.320(1) (B).

Plaintiffs, having purchased another home, moved

out of their residence in March, 1960. It was rented
first to a relative for $100 per month and then rented
continuously to others for $135 per month until it was
sold in December, 1961. Plaintiffs listed the property
for sale in March, 1960, for two months, in June, 1961,
for 30 days, in September, 1961, for another short
period and finally listed and sold it in December, 1961,
for $17,000.

■ There are no Oregon decisions interpreting the
defendant's regulation. However, there are many de-
cisions concerning §165 (c) (2) of the Internal Revenue
Code of 1954 and the regulation pertaining thereto,
§ 1.165.9, which are almost identical to the Oregon
statute and regulation.[①] These decisions are not con-
trolling but they are instructive. *Kuhns et ux v. State
Tax Com.*, 223 Or 547, 557, 355 P2d 249, (1960).

■ A loss from a sale of a residence is not an allow-
able deduction unless (1) the use of the property as
a residence was abandoned, and (2) it was devoted
exclusively to the production of taxable income from
the time of abandonment until sold. *Oots v. Commis-
sioner*, 37 BTA 571 (1938).

In Vol. 21, New York University Twenty-First
Annual Institute on Federal Taxation, p 204, the
authors stated:

> "Even though the former residence is held for
> rent or sale, a loss on the sale is not allowable if
> the property is not actually rented prior to sale,
> because a transaction has never been entered into
> for profit under section 165 (c) (2). As soon as
> the property is rented, a transaction has been en-
> tered into for profit, and a loss on a later sale
> qualifies as a deductible nonbusiness loss under
> section 165 (c) (2). * * *"

[①] The federal regulation allows a loss if property is *"rented
or otherwise appropriated to income producing purposes."*
(Emphasis supplied.)

■ Merely listing the property, exclusively or otherwise, for sale or rental but without renting is not sufficient to convert the property to income producing purposes. *Oots v. Commissioner, supra; Foehl v. Commissioner,* 20 TCM 418, 1961-93; *Johnson v. Commissioner,* 19 TC 93 (1952), citing *Morgan v. Commissioner,* 76 F2d 390 (5th Cir 1935), *certiorari* denied 296 US 601; *Rumsey v. Commissioner,* 82 F2d 158 (2d Cir 1936), *certiorari* denied 299 US 552; *Schmidlapp v. Commissioner,* 96 F2d 680 (2d Cir 1935).

In *Parker v. Commissioner,* 19 BTA 171 (1930), a listing for sale or lease and a rental of six months before sale was held sufficient conversion to business use to entitle the taxpayer to deduct the loss. A loss was also allowed in *Hazard .v. Commissioner,* 7 TC 372 (1946), (listing property for rent or sale and renting for three years); in *Cullman v. Commissioner,* 16 BTA 991 (1929) (listing for rent or sale and renting for sixteen months before sale); and in *Vosburgh v. Commissioner,* 23 BTA 780 (1931), (property rented for one year, listed and sold.) A loss was disallowed in *Foehl v. Commissioner, supra,* (property listed for sale or rental and rented for three months in four years) and in *Ginsberg v. Campbell, Jr.,* 16 AFTR2d 5770, 65-2 USTC ¶ 9668 (1965), property listed for rental or sale and rented for eleven days).

■ Plaintiffs in this case listed the property for sale and rented it at a reasonable rental for twenty-one months. The cases cited clearly support plaintiffs' contention that the property was converted to income producing property and they are entitled to deduct their loss.

■ The defendant's regulation 316.320(1) (B) states that in computing the loss the basis shall be its fair

market value as of the date the property was appropriated to income producing purposes, or its cost, whichever is the lower.

■ The evidence showed that the plaintiffs had a total cost of approximately $26,000 in the property although it sold for only $17,000. However, the fair market value of the property was lower than plaintiffs' cost, so the former must be used in computing plaintiffs' loss in the sale. March 1, 1960, the time the property was first rented, is the date the property was appropriated to income producing property. *Cullman v. Commissioner,* supra. A review of the evidence concerning the fair market value is not necessary. This court finds the fair market value of the property as of March 1, 1960 to be $20,000.

Costs to neither party.