## HOWARD L. and GERALDINE L. BOOCK *v.* STATE TAX COMMISSION

Mr. Peter B. Higgins, Portland, Oregon, argued the cause for plaintiff.

Mr. Donald C. Seymour, Assistant Attorney General, Salem, Oregon, argued the cause for defendant.

Decision for defendant rendered May 6, 1966.

Edward H. Howell, Judge.

Plaintiffs filed this suit to set aside an order of the tax commission assessing an income tax deficiency against them for the years 1962 to 1964, inclusive.

Plaintiffs contend that the defendant erred in holding that they were residents of Oregon for the years involved and if they were residents, they should be able to deduct a loss on the rental of their residential property.

The issue of residency is a question of fact. References to plaintiff herein will mean Mr. Boock.

Prior to July 1, 1962, plaintiff resided in Portland and was employed by the United States General Accounting Office as an accountant for many years. In July, 1962, plaintiff, at his request, received an assignment by his employer to work in Frankfort, Germany, under a contract requiring a minimum stay of two years. Plaintiffs leased their home for two years with an option to renew.

Most of plaintiffs' local charge accounts were cancelled but their bank account was retained in a Portland bank. Some household furniture was taken to Germany and some left in the Portland home. While in Germany plaintiff purchased an automobile. He did not vote absentee in Oregon during the time. Plaintiff was not satisfied with the education the children were receiving in school in Germany. At the end of the contract plaintiff and his family returned to Portland, moved back into their home and plaintiff returned to his work with the General Accounting Office.

■ This is a typical example of a government worker taking a temporary overseas assignment, leasing his house during his absence and upon completion of his overseas duty, returning home again. Plaintiff obviously did not intend to become a permanent resident of Germany and did not acquire residency in any other state. He remained a resident of Oregon and as such is responsible for Oregon income tax.

■ Plaintiff is not entitled to take a loss from the depreciation claimed on the residence while it was rented during their temporary absence in Germany.

Pursuant to Reg. 316.335(1) (B) the tax commission disallowed the depreciation on plaintiffs' home, over and above the rental received. This regulation provides, in part, as follows:

"Temporary bona fide rental of the taxpayer's personal residence for the production of income (not merely for safekeeping) will justify a depreciation allowance (and adjustment to basis) during the rental period. However, no loss on the transaction can be claimed by the taxpayer because of depreciation unless there has been a conversion of the property to business purposes."

■ There was no conversion to business purposes. While plaintiffs did lease the property and receive rental, it was still their personal residence to which they intended to and did return. The house was not abandoned as a residence. *Oots v. Commissioner*, 37 BTA 571 (1938). The facts are not similar to *Woodruff v. Commission*, 2 OTR 351 (1966), decided this day.