# ROBERT C. HOWELL *v.* COMMISSION

Lee A. Hansen, Portland, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, represented defendant.

Decision rendered for defendant June 10, 1968.

EDWARD H. HOWELL, Judge.

Plaintiff claimed a loss resulting from a mortgage foreclosure on his personal residence which he contended had been converted to business purposes. The

tax commission rejected plaintiff's contention, assessed a deficiency and plaintiff appealed.

■ Under ORS 316.320 a taxpayer may deduct losses from any transaction entered into for profit, even if such transaction is not connected with the taxpayer's trade or business. The commission's Reg 316.320(1)-(B), relating to losses on residential property, states that a "loss on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible. * * * Where, however, property so purchased or constructed is prior to its sale appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss from the sale of the property is an allowable deduction. * * *"

The issues are whether the purchasing of the property constituted a transaction entered into for profit and, if the property was the plaintiff's personal residence, whether it was subsequently converted to income-producing purposes.

Plaintiff was the only witness at the trial. He testified that he and a woman friend entered into a contract to purchase a residence as tenants in common in May, 1962. He also testified that at that time he considered the purchase to be an investment. Plaintiff was to make the payments on the contract and his friend was to repay him. He was to be the owner of the property in the event she failed to make the payments.

After the execution of the contract plaintiff's friend moved into the residence and she and plaintiff were married in May, 1963. All payments on the house were made by plaintiff. The parties lived together in the

residence until their separation in February, 1964. The plaintiff moved out but Mrs. Howell remained in the home until October, 1966, when she was granted a divorce. During the separation and before the divorce was granted, Mrs. Howell rented a basement apartment for $60.00 per month. While the divorce was pending Mrs. Howell was ordered by the court to apply this $60.00 rent on the monthly installments on the contract and the plaintiff was ordered to pay the balance of the installments on the contract. No payments were made by anyone and the contract was foreclosed in 1966.

■ Although the plaintiff testified that he entered into the original contract of purchase as an investment, the evidence and subsequent events indicate that the property was purchased as a residence for plaintiff and his future wife. Consequently, the property was not acquired in a transaction entered into for profit. However, this is not fatal to the plaintiff's right to recover if the use of the property as a residence was abandoned and the property was devoted exclusively to the production of taxable income from the time of its abandonment as a residence to the time of the foreclosure in 1966. *Woodruff v. Commission,* 2 OTR 351 (1966).

■ It is difficult to conclude that the home had been abandoned as a residence by the plaintiff. Apparently the plaintiff moved out of the house because of marital difficulties. His wife moved when she received her decree of divorce. There would have been no reason why plaintiff could not have retained the home for his own use after the divorce. The situation was not the same as in *Woodruff v. Commission, supra,* where the taxpayers moved out of their old residence because they had purchased a new home.

■ Moreover, the plaintiff did not convert the residence to business or income-producing property. The plaintiff's wife, not the plaintiff, rented the basement apartment. The plaintiff did not receive any of the rental payments and the record does not indicate whether the plaintiff's wife actually received any rent for the basement apartment.

The plaintiff is not entitled to prevail. Generally the evidence showed that plaintiff purchased a residence for himself and his future wife. The marriage was unsuccessful, the plaintiff moved out of the home and neither party was interested in or able to make the payments on the purchase contract. The plaintiff neither participated in the rental arrangement nor collected any of the payments. As far as plaintiff was concerned the transaction was personal, not one entered into for profit, and certainly the residence was not converted by plaintiff into income-producing property.

The order of the commission is affirmed.